IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUANA ZAMARRON,           )
                          )
          Plaintiff,      )
                          )
     v.                   )     No. 12 C 9760
                          )
THE HOME DEPOT,           )
                          )
          Defendant.      )

## MEMORANDUM ORDER

Counsel for named defendant The Home Depot[1] has filed its Answer and affirmative defenses ("ADs") to the employment discrimination Complaint filed against it by Juana Zamarron ("Zamarron"). This memorandum order is issued sua sponte because of some troublesome aspects of that responsive pleading.

To begin with, much of the Answer comprises assertions in this form in response to Zamarron's allegations:

> Defendant denies the allegations [or sometimes "the remaining allegations"] contained in Paragraph -- of Plaintiff's Complaint for the reason that said allegations are not true.

In light of the extraordinarily detailed allegations by Zamarron, it is clear that such assertions by Home Depot are necessarily based on its having decided that the denials it has presumably received from its employees targeted by Zamarron are believable, while Zamarron's version is not. That is of course Home Depot's

---

[1] It appears that the correct name of the proper party defendant is Home Depot U.S.A., Inc., but this memorandum order will simply employ "Home Depot" as a matter of convenience.

prerogative, but it frankly does not support a positive assertion as a corporate matter "that said allegations are not true"--Home Depot may _believe_ that, but it does not _know_ that.  If Home Depot wishes to stake out that position, as it has a right to do, its assertions should be qualified by a statement that they are made on information and belief.

This is not just a technical matter.  To give a few illustrative examples from the early part of the Answer:

> 1.  Is it not true that Zamarron received more than one promotion while employed by Home Depot, as she alleges but the denial contained in Answer ¶7 negates?
>
> 2.  Even if Home Depot has chosen to believe its employee Jake Wolbert's version of the event described in Complaint ¶9, how can it deny Zamarron's assertion there that she "was stunned and embarassed"?
>
> 3.  In like manner, how can Home Depot deny the portion of Complaint ¶10 that Zamarron decided not to call Home Depot's "alert hotline," as she alleges?
>
> 4.  It is clear that Home Depot is not in a position to deny the allegation in the second sentence of Complaint ¶11 in the objective good faith incumbent on pleaders under Fed. R. Civ. P. 11(b).

This listing could of course go on, but the lesson should already be clear that Home Depot's counsel ought to go back to the

drawing board to generate a more careful responsive pleading.

Next, Answer ¶15 states that the email referred to there "speaks for itself." That is not a permissible response--see App'x ¶3 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001).

To turn to Home Depot's ADs, several call for a further look. Here are some problematic aspects that this Court has noted:

    1. AD 2 does not appear to reflect accurately the caselaw that can impose corporate responsibility where the asserted employment discrimination was inflicted by employees up the chain of command rather than by coworkers.

    2. AD 3 contains telltale "to the extent..." language, which does not provide the information required to satisfy the principle of notice pleading that is incumbent on federal defendants as well as federal plaintiffs. If Home Depot wishes to make an affirmative assertion of Zamarron's failure, AD 3 must be fleshed out to identify such failure.

    3. Evidence that the responsive pleading includes boilerplate, rather than being carefully limited to case-specific matters, is provided by AD 4's characterization of Zamarron by using male rather than female pronouns.

    4. ADs 5, 6 and 8 are at odds with the teaching of Rule 8(c) and the caselaw applying it, under which a

plaintiff's allegations must be accepted as gospel for affirmative defense purposes--see also App'x ¶5 to <u>State Farm</u>.

As stated earlier, Home Depot's counsel should reshape the present responsive pleading by filing a self-contained Amended Answer and appropriate ADs. When that is done, no charge is to be made to Home Depot by its counsel for the added work and expense incurred in correcting counsel's errors. Home Depot's counsel are ordered to apprise their client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

_____
Milton I. Shadur
Senior United States District Judge

Date:  January 25, 2013